STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHIRLEY STUMP, WIDOW OF
HAROLD D. STUMP,**
Claimant Below, Petitioner

**vs.)   No. 13-0640** (BOR Appeal No. 2047808)
                    (Claim No. 2009053066)

**PINE RIDGE COAL COMPANY, LLC,**
Employer Below, Respondent

MEMORANDUM DECISION

Petitioner Shirley Stump, widow of Harold D. Stump, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pine Ridge Coal Company, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2013, in which the Board affirmed an October 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 21, 2009, decision which denied a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stump, a coal miner, developed occupational pneumoconiosis in the course of his employment. He passed away on February 4, 2008, at the age of seventy-five. His widow alleges occupational pneumoconiosis played a material, contributing role in his death. Mr. Stump's death certificate listed his cause of death as end stage lung disease, chronic obstructive pulmonary disease, and occupational pneumoconiosis due to cigarette smoking and coal mining. A small heart attack and kidney disease were listed as secondary conditions. The Occupational

1

Pneumoconiosis Board reviewed the case and determined on March 3, 2009, that occupational pneumoconiosis was not a material, contributing factor in Mr. Stump's death. The Board noted that he had received a total award of 30% permanent partial disability in his lifetime for occupational pneumoconiosis. It also noted that x-rays showed pulmonary overexpansion consistent with an element of chronic obstructive pulmonary disease and very minimal changes of occupational pneumoconiosis.

A record review was performed by George Zaldivar, M.D., on May 4, 2009. He noted that he wrote a report in 1997 pertaining to Mr. Stump in which he determined that Mr. Stump was disabled due to pulmonary impairment but that the impairment was caused by cigarette smoking. Occupational pneumoconiosis was not present at that time. He noted that Mr. Stump smoked two packs of cigarettes a day and had been treated for cancer of the vocal cords in the past. Dr. Zaldivar also noted that he was admitted to the hospital shortly before he died due to a heart attack, not respiratory failure. He stated that the cause of death was multiple organ failure and that no one organ was responsible for the death because they all failed sequentially. Mr. Stump also had renal failure which causes fluid to build up in the body and essentially drown the lungs. Dr. Zaldivar opined that Mr. Stump did not die as the result of occupational pneumoconiosis and that his smoking history alone was enough to cause lethal emphysema.

A second record review was performed by Dominic Gaziano, M.D., on December 21, 2009. Dr. Gaziano opined that the medical evidence clearly shows that Mr. Stump suffered from occupational pneumoconiosis. He was treated for many years for chronic obstructive pulmonary disease and occupational pneumoconiosis. Dr. Gaziano noted a smoking history of forty pack years. He stated that Mr. Stump suffered from advanced lung disease as indicated by his need for oxygen on a continuous basis. He was admitted to the hospital days before his death for acute respiratory failure, congestive heart failure, and myocardial infarction. He was placed on a ventilator and then developed atelectasis and pneumonia. Dr. Gaziano opined that the major cause of Mr. Stump's death was respiratory failure caused by occupational pneumoconiosis and chronic obstructive pulmonary disease related to cigarette smoking and underground mining. He also asserted that occupational pneumoconiosis was a significant causative factor in the death.

Donald Rasmussen, M.D., arrived at the same conclusion as Dr. Gaziano in his August 6, 2010, record review. He noted an extensive history of exposure to coal mine dust as well as cigarette smoking. He stated that both cause lung damage in nearly the same manner and therefore smoking and mine dust chronic obstructive pulmonary disease are indistinguishable. He opined that he found ample evidence in Mr. Stump's case to implicate both coal mine dust and smoking as causative factors in his chronic and fatal lung disease. He therefore asserted that Mr. Stump died from a fatal lung disease caused by both coal mine dust exposure and cigarette smoking.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on September 19, 2012. Jack Kinder, M.D., testified on behalf of the Board that Mr. Stump was evaluated by the Board several times during his life. He had twenty-four years' coal dust exposure and was granted a 30% permanent partial disability award. He also had a 120 pack year smoking history and drank approximately a quart of whisky and six to twelve beers a day

for approximately forty years. He had a history of chronic kidney disease, cardiac disease, and respiratory disease. Dr. Kinder opined that his respiratory failure was the result of multiple other medical problems. Mr. Stump developed multi-system organ failure following a heart attack. Dr. Kinder stated that he had minimal occupational pneumoconiosis but that it was not material in his death. Dr. Kinder opined that the extensive cigarette smoking history is a large risk factor for both chronic obstructive pulmonary disease and coronary artery disease and that occupational pneumoconiosis was not a material, contributing factor in Mr. Stump's death. His chronic obstructive pulmonary disease was determined to be caused by cigarette smoking. Bradley Henry, M.D., and Johnsey Leef, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The claims administrator denied Mrs. Stump's request for dependent's benefits on May 21, 2009. The Office of Judges affirmed the decision in its October 9, 2012, Order. It found that the evidence shows that Mr. Stump had occupational pneumoconiosis at the time of his death. However, he was also diagnosed with twenty-four other conditions at the time of his last admission to the hospital. He initially was admitted due to a small heart attack and then suffered multiple organ failure, including the heart and lungs. The Occupational Pneumoconiosis Board testified that the respiratory problems were primarily due to Mr. Stump's 120 pack year cigarette smoking history. The Board noted congestive heart failure due to multiple organ failure and found that occupational pneumoconiosis did not play a material role in the death. The Office of Judges found that the Occupational Pneumoconiosis Board's opinion was the most credible of record.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 21, 2013, decision. The Board of Review's decision is supported by the evidentiary record. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidentiary record fails to show that occupational pneumoconiosis was a material, contributing factor in Mr. Stump's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman